UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| MARTHA EDWINA WRIGHT COLVIN, ET AL. | * | CIVIL ACTION NO. 10-1376 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| PETROHAWK ENERGY CORPORATION, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM RULING

On September 1, 2010, defendant, Comstock Oil & Gas - LA, L.L.C., removed the instant case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal [doc. # 1]). On March 16, 2011, the court granted plaintiffs' unopposed motion to join defendant, Wildhorse Resources, L.L.C. ("Wildhorse"). (March 16, 2011, Order [doc. # 18]). However, because plaintiffs' motion failed to properly allege the citizenship of Wildhorse, the court directed Wildhorse to identify its members and their citizenship in its responsive pleading. *Id*. On May 12, 2011, Wildhorse filed a corporate disclosure statement that identified at least one of its members as a Louisiana citizen for purposes of diversity. (Wildhorse Corp. Discl. Statement [doc. # 50]).[1]

On May 13, 2011, the court advised the parties that it was considering remanding the case to state court for lack of subject matter jurisdiction. (May 13, 2011, Order [doc. # 51]).[2]

---

[1] Plaintiffs also are Louisiana citizens. Notice of Removal, ¶ 4.

[2] Federal courts are obliged to examine the basis for the exercise of federal subject matter jurisdiction. *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999). A lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). Furthermore, a court must raise the issue *sua sponte* if it discovers that it lacks subject matter jurisdiction. *Id*.

However, the court deferred action for seven days to allow the parties an opportunity to address the issue. *Id*. The foregoing delay has since elapsed, and no opposition has been filed.[3]

Section 1447(e) provides that

> [i]f after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court.

28 U.S.C. § 1447(e).

When, as here, a non-diverse defendant is joined post-removal, then diversity jurisdiction is destroyed and remand is required. *Cobb v. Delta Exports, Inc.*, 186 F.3d 675 (5th Cir. 1999).

Accordingly, a separate judgment shall issue, remanding this case to the 3rd Judicial District Court for the Parish of Lincoln, State of Louisiana, whence it was removed.[4]

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 25th day of May 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[3] Plaintiffs filed a response, taking no position on remand. (Brief [doc. # 52]). Although Wildhorse filed a motion for more definite statement that alternatively seeks dismissal [doc. # 53], neither Wildhorse, nor any other defendant has opposed remand. Moreover, Wildhorse acknowledged that it was the operator of the wells at issue in this case, and was involved in distributing unit production revenues therefrom. (Wildhorse Cross-Claim, ¶ 3 [doc.# 54]). In addition, defendant, Petrohawk Energy Corporation, alleged that Wildhorse acquired an ownership interest in the subject wells and assumed obligations and liabilities relating thereto. (Petrohawk Cross-Claim, ¶¶ 3-10 [doc. # 24]).

[4] As this is not one of the matters excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).